**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 7** |
| **TERESSA L. DEROOS** | : | |
|   Debtor | : | **CASE NO. 1:23-bk-01979** |
| | : | |
| | : | |
| | : | |
| | : | |

## CERTIFICATE OF MAILING

The undersigned paralegal in the office of:

MOTT & GENDRON LAW, 125 STATE STREET, HARRISBURG, PA 17101 hereby certifies that a copy of the Order, Notice, and Motion for approval of sale free and clear was mailed today to all parties named on the mailing matrix attached hereto electronically or by regular first class mail.

Dated: July 26, 2024

Signed: /s/  Nancy Spincken

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 1:23-bk-01979 |
| | : | |
| **TERESSA L. DEROOS** | : | **CHAPTER 7** |
|     Debtor | : | |
| | : | |
| **Kara K. Gendron, Trustee** | : | |
|     Movant | : | |
| vs. | : | **Motion for Sale of Real Estate Free and** |
| | : | **Clear:** |
| **M&T Bank, Kane Rentals, LLC,** | : | **10 Hemlock Dr, Mechanicsburg, Pa** |
| **American Builders & Contractors** | : | |
| **Supply Co Inc, Adam Kane, Belco** | : | |
| **Community Credit Union,** | : | |
| **Commonwealth of Pennsylvania Office** | : | |
| **of Attorney General, Pennsylvania** | : | |
| **Department of Revenue, RF Fager** | : | |
| **Company, William Reynolds and** | : | |
| **Majorie Reynolds, U.S. Treasury** | : | |
|     Respondents | : | |

## NOTICE TO CREDITORS AND OTHER PARTIES
## IN INTEREST OF A SALE OF REAL PROPERTY
## FREE AND CLEAR OF LIENS, CLAIMS AND
## ENCUMBRANCES AND APPROVING DISTRIBUTION OF PROCEEDS

NOTICE IS HEREBY GIVEN THAT:

Kara K. Gendron, Trustee in the above-captioned Bankruptcy Estate, has applied to the Court seeking authority to sell Debtor's property located at and known as 10 Hemlock Dr, Mechanicsburg, Cumberland County, Pennsylvania (the "Real Property"). Such sale is to be free and clear of all liens, claims, and encumbrances, except easements now existing for utilities, as well as recorded rights-of-way, all as more fully set forth in the Motion. The sale is proposed to William Stump and Mabel Stump for the total consideration of $279,900.00 pursuant to 11 U.S.C. § 363. The sale is to be free and clear of liens and encumbrances, the liens and encumbrances, if any, to attach to the proceeds of the sale.

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this Motion, objection or other matter without further notice or hearing unless a party in interest files an objection/response within twenty-one (21) days from the service date of the attached Order. If you object to the relief requested, you must file your objection/response with the Clerk, U. S. Bankruptcy Court, United States Bankruptcy Court, Sylvia H. Rambo US Courthouse, 1501 N. 6th Street, Harrisburg, PA 17102 and serve a copy on

Kara K. Gendron, Trustee, Mott & Gendron Law, 125 State Street, Harrisburg PA 17101. If you file and serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested

Dated: July 26, 2024

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re:

Teressa L. DeRoos,

**Debtor 1**

Chapter: 7

Case number: 1:23–bk–01979–HWV

Document Number: 87

Matter: Motion for Sale Free and Clear of Liens

Kara K. Gendron, Trustee
**Movant(s)**

vs.

M&T Bank, Kane Rentals, LLC, American Builders & Contractors Supply Co Inc, Adam Kane, Belco Community Credit Union, Commonwealth of PA Office of Attorney General, PA Department of Revenue, RF Fager Co, William Reynolds and Marjorie Reynolds and US Treasury
**Respondent(s)**

## Order

Unless earlier served through CM/ECF, **IT IS ORDERED** that service of this Order and the above–referenced Motion shall be made by the moving party on all respondent(s) named in the Motion claiming an interest in the property, counsel, and in a Chapter 11 case service shall also be made upon the Trustee, if any, U.S. Trustee and the individuals identified in F.R.B.P. 4001(a)(1) and L.B.R 4001–6. Service shall be made within seven (7) days from the date hereof and certification of service filed with this Court within fourteen (14) days from the date hereof.

**IT IS FURTHER ORDERED** that answers to the Motion must be served on the moving party and a copy filed with this Court, within fourteen (14) days from the service date of this Order. If no Response is filed, relief may be granted. A hearing will be held if a responsive pleading is timely filed, requested by the moving party, or ordered by the Court. If a default order has not been signed and entered, the parties or their counsel are required to appear in Court at the hearing on the below date and time.

| United States Bankruptcy Court Sylvia H. Rambo US Courthouse, Bankruptcy Courtroom 4B, 1501 N. 6th St, Harrisburg, PA 17102 | Date: 9/10/24 Time: 09:30 AM |
| --- | --- |

By the Court,

Henry W. Van Eck, Chief Bankruptcy Judge

Dated: July 26, 2024

Initial requests for a continuance of hearing ( *L.B.F. 9013–4, Request to Continue Hearing/Trial with Concurrence*) shall be filed with the Court. Requests received by the Court within twenty–four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing remotely shall be made in accordance with L.B.R. 9074–1.

Photo identification is required upon entering the Courthouse.

orreshrg(5/18)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 1:23-bk-01979** |
| | : | |
| **TERESSA L. DEROOS** | : | **CHAPTER 7** |
|    Debtor | : | |
| | : | |
| **Kara K. Gendron, Trustee** | : | |
|    Movant | : | |
| **vs.** | : | **Motion for Sale of Real Estate Free and** |
| | : | **Clear:** |
| **M&T Bank, Kane Rentals, LLC,** | : | **10 Hemlock Dr, Mechanicsburg, Pa** |
| **American Builders & Contractors** | : | |
| **Supply Co Inc, Adam Kane, Belco** | : | |
| **Community Credit Union,** | : | |
| **Commonwealth of Pennsylvania Office** | : | |
| **of Attorney General, Pennsylvania** | : | |
| **Department of Revenue, RF Fager** | : | |
| **Company, William Reynolds and** | : | |
| **Majorie Reynolds, U.S. Treasury** | : | |
|    Respondents | : | |
| | : | |

### MOTION FOR AUTHORITY TO SELL REAL ESTATE  FREE AND CLEAR OF LIENS AND ENCUMBRANCES

     Comes now, Kara K. Gendron, Esquire as counsel for the Chapter 7 Trustee in the above captioned case and files the within Motion respectfully stating in support thereof:

### JURISDICTION AND VENUE

1.    This Motion is filed pursuant to 11 U.S.C. § 363(f)(2) in that the Trustee  is seeking to sell an asset free and clear of all liens and encumbrances.

2.    The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S.C. § 157(b)(2).

3.  Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334.

4.  Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

## BACKGROUND

5.  On September 1, 2023, the Debtor filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). The Debtor is the owner of certain improved real estate located at 10 Hemlock Dr, Mechanicsburg, Cumberland County, Pennsylvania (the "Real Property").

6.  During the chapter 13 case, Debtor's counsel, John M. Hyams, had filed a Motion to Sell the Real Estate, as well as several amended motions to sell, with t; however, none of the motions were approved.

7.  On May 15, 2024, the Debtor filed an Election to Convert from Chapter 13 to Chapter 7 and Kara Gendron was appointed as the Chapter 7 Trustee.

8.  Attorney Hyams informed the Trustee that he had obtained all of the lien holders' consent for the sale, except for the Internal Revenue Service and therefore was unable to obtain an order approving the sale.

9.  The Trustee marketed the property to the public using a licensed real estate agent and chose the highest and best offer. The Trustee has entered into an Agreement for the sale of the Real Property to William Stump and Mabel Stump (the "Agreement"), pending Court approval.

Incidentally, although the purchasers are different, the amount of the offer is the same amount of the offer that was indicated Debtor's last sale motion at docket #44.

10.     The Agreement provides for the total consideration of $279,900.00 for the purchase of the Real Property. A true and correct copy of the Agreement is attached hereto and labeled as an Exhibit.

12.     The Trustee believes that the purchase price offered is fair consideration given the current market conditions.

13.     The Trustee does not know the buyers and the sale is an arm's length transaction.

14.     The Trustee requests that all fixtures be deemed to have attached to the real estate and title shall be transferred to the Buyers at closing. This would include personal property that was attached to the structure of the Real Property that was subject to a sales contract or lease prior to the Petition Date.

15.     Pursuant to the Debtor's bankruptcy schedules and a title report provided by Debtor's counsel, there are multiple liens on the Debtor's real estate and they far exceed the value of the property. The Real Property is subject to the following mortgages and judgments (listed in order of priority):

    a. Mortgage in the first position in favor of M&T Bank, in the approximate amount of $160,145.98.

    b. Judgment in favor of Kane Rentals, LLC, in the approximate amount of $3,082.31.

    c. Judgment in favor of American Builders & Contractors Supply Co Inc, in the approximate amount of $32,135.88.

    d. Judgment in favor of Adam Kane, in the approximate amount of $50,235.48.

e. Judgment in favor of Belco Community Credit Union, in the approximate amount of $20,808.93.

f. Judgment in favor of Commonwealth of Pennsylvania Office of Attorney General in an unknown amount.

g. Judgment in favor of Pennsylvania Department of Revenue in the approximate amount of $15,317.99.

h. Judgment in favor of RF Fager Company in the approximate amount of $11,718.21.

i. Judgment in favor of William Reynolds and Majorie Reynolds in an unknown amount.

j. Judgment in favor of U.S. Treasury in the approximate amount of $150,370.52.

16.     The Trustee proposes to pay costs and expenses associated with the sale of the Real Property at closing as follows:

a. Any notary or incidental recording fees required to be paid by the Trustee as Seller.

b. Any costs associated with the preparation of the deed or normal services with respect to closing.

c. Fees to Mott and Gendron Law to be placed in the Trustee's account pending further court order of approval of fees, estimated in the amount of $3,000.00.

d. Real Estate Commission to Coldwell Banker Realty in the amount of seven percent (6%) of the total sales consideration for services rendered to Coldwell Banker Realty in the connection with this sale, as well as any reasonable fees and costs incurred for necessary repairs and in preparing the property for sale.

e. Realty transfer tax, if any, required to be paid by Trustee, as Seller.

> f. Any present real estate taxes owned on the Real Property, prorated to the date of sale.
>
> g. Any outstanding amounts for lienable municipal utilities or services to Upper Allen Township owed at the time of closing.

17. Subsequent to the payment of the costs of the sale as set forth above, the following items shall be paid from the proceeds of the sale of the Real Property.

> a. M&T Bank will be paid in full for its first mortgage at closing, by the title company, pursuant to a proper payoff statement.
>
> b. Payment to Kane Rentals, LLC in full of its judgment amount recorded on or about January 18, 2019.
>
> c. Payment to American Builders & Contractors Supply Co.in full of its judgment amount recorded on or about January 24, 2020.
>
> d. Payment to the Trustee of $5,000.00 to be held in the trustee's account and earmarked for distribution to unsecured creditors.
>
> e. Thereafter, payment of any remaining proceeds to Adam Kane. It is anticipated that there will be insufficient proceeds to pay this creditor in full and that the remaining lienholders will not receive any distribution on the secured portions of their claims.
>
> f. The Trustee requests that this sale be free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to be payable and paid as set forth above.

18. The Trustee believes that the consideration payable by the Buyers under the Agreement for the purchase of the Real Property is fair and reasonable.

19.     On July 9, 2024,  the Trustee's counsel  and Adam Kane, through his attorney, Paul Murphy, reached a carve out agreement (the "Settlement") to provide for the orderly liquidation of the Collateral.  The parties have agreed to the following carve-out terms:

 Under the carve-out agreement, the Trustee will liquidate the real estate to provide for a meaningful distribution to unsecured creditors so that the sale proceeds pay a minimum of $5,000.00 to unsecured claims. In order to accomplish that, parties have agreed to a carve-out, whereby the Trustee will earmark $5,000.00 for payment to unsecured claims after setting aside funds to pay sale costs, administrative expenses and trustee commission, and any prior liens before the subject lienholder would be paid from the sale. The agreement provides that the $5,000.00 for unsecured creditors, as well as the administrative expenses, and the trustee commission would be paid to the Trustee at settlement for the Trustee to place in her Trustee account and lien holders would be paid at settlement. After payment of the $5,000.00, the subject lienholder would receive the balance of funds up to the amount of its lien.

20.     Adam Kane  has agreed to allow the Trustee to administer the assets of the Debtor's Estate, which includes the Collateral pursuant to the terms of the Settlement.

21.     The Trustee believes that liquidating the real estate pursuant to the terms of the Settlement will maximize distribution to the Debtor's unsecured creditors.

23.     The Trustee believes that the Settlement is fair and reasonable for the following reasons:

        a. The Settlement provides the Estate sufficient funds to liquidate the Collateral;

b. The Settlement provides for a carve-out that will likely enable the Trustee to make a distribution to unsecured creditors. Without the carveout there would likely be insufficient funds to distribute to unsecured creditors.

c. The Settlement provides the Trustee discretion in the liquidation of Collateral, subject to approval of the Court.

24.     The Trustee respectfully submits that in the exercise of her business judgment, the Settlement is both fair and equitable and is in the best interest of the Estate for the reasons stated above.

25.     This Court has broad discretion under Fed. R. Bankr. P. 9019(a) to approve the Settlement provided that it is in the best interests of the Debtor's estate. See *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). In conducting a hearing under Rule 9019, a bankruptcy court must determine whether a proposed settlement is fair and equitable, and in the best interest of the estate. *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994); *In re Energy Co-op, Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *American Reserve*, 841 F.2d at 161.

26.     In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g. In re Olde Prairie Block Owner, LLC,* 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler*, 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005). The Seventh Circuit has held that such a sale may be approved where the trustee has an

"articulated business justification." *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

27.     The proposed sale will benefit unsecured creditors of the estate.

**WHEREFORE,** Trustee respectfully requests that this Honorable Court enter an order approving the request to sell the real property free and clear of all liens as stated herein and to allow the Trustee, Kara K. Gendron, to execute any and all papers and documents necessary to effectuate said sale.

Dated:  07/26/2024

/s/ Kara K. Gendron
_____
Kara K. Gendron, Esquire
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
karagendron@gmail.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 1:23-bk-01979 |
| | : | |
| **TERESSA L. DEROOS** | : | **CHAPTER 7** |
| Debtor | : | |
| | : | |
| **Kara K. Gendron, Trustee** | : | |
| Movant | : | |
| vs. | : | **Motion for Sale of Real Estate Free and** |
| | : | **Clear:** |
| **M&T Bank, Kane Rentals, LLC,** | : | **10 Hemlock Dr, Mechanicsburg** |
| **American Builders & Contractors** | : | |
| **Supply Co Inc, Adam Kane, Belco** | : | |
| **Community Credit Union,** | : | |
| **Commonwealth of Pennsylvania Office** | : | |
| **of Attorney General, Pennsylvania** | : | |
| **Department of Revenue, RF Fager** | : | |
| **Company, William Reynolds and** | : | |
| **Majorie Reynolds, U.S. Treasury** | : | |
| Respondents | : | |
| | : | |

## <u>ORDER</u>

UPON CONSIDERATION of the Motion filed by Kara K. Gendron, Trustee, seeking authority to sell Real Property Free and Clear of Liens, Claims and Encumbrances and good reason appearing therefore, no outstanding objections appearing thereto, it is hereby declared that the Motion is approved and

IT IS HEREBY ORDERED AND DECREED that Federal Bankruptcy Rule 6004(g) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same and that the sale of real estate at 10 Hemlock Dr, Mechanicsburg, Cumberland County, Pennsylvania, free and clear of liens, to William Stump and Mabel Stump is approved and distribution of the proceeds as set forth below shall be permitted:

    a.   Any notary or incidental recording fees required to be paid by the Trustee as Seller.

    b.   Any costs associated with the preparation of the deed or normal services with

         respect to closing.

    c.   Fees to Mott and Gendron Law to be placed in the Trustee's account pending further court

         order of approval of fees, estimated in the amount of $3,000.00.

d. Real Estate Commission to Coldwell Banker Realty in the amount of seven percent (6%) of the total sales consideration for services rendered to Coldwell Banker Realty in the connection with this sale, as well as any reasonable fees and costs incurred for necessary repairs and in preparing the property for sale.

e. Realty transfer tax, if any, required to be paid by Trustee, as Seller.

f. Any present real estate taxes owned on the Real Property, prorated to the date of sale.

g. Any outstanding amounts for lienable municipal utilities or services to Upper Allen Township owed at the time of closing.

Subsequent to the payment of the costs of the sale as set forth above, the following items shall be paid from the proceeds of the sale of the Real Property.

a. M&T Bank will be paid in full for its first mortgage at closing, by the title company, pursuant to a proper payoff statement.

b. Payment to Kane Rentals, LLC in full of its judgment amount recorded on or about January 18, 2019.

c. Payment to American Builders & Contractors Supply Co.in full of its judgment amount recorded on or about January 24, 2020.

d. Payment to the Trustee of $5,000.00 to be held in the trustee's account and earmarked for distribution to unsecured creditors.

e. Thereafter, payment of any remaining proceeds to Adam Kane. It is anticipated that there will be insufficient proceeds to pay this creditor in full and that the remaining lienholders will not receive any distribution on the secured portions of their claims.

f. The Trustee requests that this sale be free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to be payable and paid as set forth above.

IT IS FURTHER ORDERED AND DECREED  that Kara K. Gendron, Trustee, is hereby authorized to sell the Debtor's real property at 10 Hemlock Dr, Mechanicsburg, Cumberland County, Pennsylvania;

IT IS FURTHER ORDERED that the Trustee is empowered to execute any papers and documents necessary to effectuate the transfer and sale of such property;  and

IT IS FURTHER ORDERED THAT the carve-out from the sale pursuant to the terms and conditions set forth in the Motion is hereby approved.

Label Matrix for local noticing
0314-1
Case 1:23-bk-01979-HWV
Middle District of Pennsylvania
Harrisburg
Fri Jul 26 13:56:21 EDT 2024

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

United States of America
US Dept. of Justice
PO Box 227
WASHINGTON, DC 20044-0227

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

12 Wolfe Furniture
16 McLeland Rd
Saint Cloud, MN 56303-2198

Adam Kane, Jennifer Kane
57 Sunset Drive
Mechanicsburg, PA 17050-1636

Ally Bank
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ally Financial, Inc
Attn: Bankruptcy
500 Woodward Ave
Detroit, MI 48226-3416

(p)BELCO COMMUNITY CREDIT UNION
ATTN ATTN COLLECTIONS DEPARTMENT
449 EISENHOWER BLVD
HARRISBURG PA 17111-2301

(p)DEPARTMENT OF LABOR & INDUSTRY
ATTN OFFICE OF CHIEF COUNSEL
651 BOAS STREET 10TH FLOOR
HARRISBURG PA 17121-0751

Citibank/the Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
PO Box 790040
Saint Louis, MO 63179-0040

David W Park
Martson Law Offices
10 East High St.
Carlisle, PA 17013-3093

Discover Financial
Attn: Bankruptcy
PO Box 3025
New Albany, OH 43054-3025

Genesis Fs Card Services
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Kane Rentals, LLC
57 Sunset Drive
Mechanicsburg, PA 17050-1636

Keifer Law Firm, LLC
311 Market St.
Kingston, PA 18704-5428

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC   29603-0587

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

Members 1st FCU
PO Box 8893
Camp Hill, PA 17001-8893

Members 1st Fcu
Attn: Bankruptcy
5000 Marketplace Way
Enola, PA 17025-2431

Nelnet
Attn: Claims
PO Box 82505
Lincoln, NE 68501-2505

Nelnet
PO Box 82561
Lincoln, NE 68501-2561

(p)PENNSYLVANIA OFFICE OF ATTORNEY GENERAL
ATTN ATTENTION FINANCIAL ENFORCEMENT SECTION
STRAWBERRY SQUARE
15TH FLOOR
HARRISBURG PA 17120-0001

PA Department of Revenue
Department 280946, Attn:Bankruptcy
Harrisburg, PA 17128-0946

Pearl Capital
870 Sheridan Rd
Highwood, IL 60040-1003

Pennsylvania Department of Revenue
Bankruptcy Division PO Box 280946
Harrisburg, PA  17128-0946

Pennsylvania Department of Revenue
Bureau of Compliance PO Box 280948
Harrisburg, PA 17128-0948

(p)PREMIER CAPITAL FUNDING  LLC
9265 4TH AVE STE 2
BROOKLYN NY 11209-7006

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA  98083-0788

(p)SUNNOVA ENERGY CORPORATION
ATTN ATTN LEGAL DEPARTMENT
20 EAST GREENWAY PLAZA
#475
HOUSTON TX 77046-2015

Susquehanna Valley Fcu
1213 Slate Hill Rd
Camp Hill, PA 17001

TBF Financial, LLC
870 Sheridan Rd.
Highwood, IL 60040-1003

Tbf Financial LLC
Attn: Bankruptcy Department
740 Waukegan Rd
Ste 404
Deerfield, IL 60015-5505

U.S. Department of Education c/o Nelnet
121 S 13th St
Lincoln, NE 68508-1904

(p)U S  DEPARTMENT OF JUSTICE TAX DIVISION
CIVIL TRIAL SECTION EASTERN REGION
P O BOX 227
BEN FRANKLIN STATION
WASHINGTON DC 20044-0227

United States Attorney
PO Box 11754
Harrisburg, PA 17108-1754

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102-1104

John Matthew Hyams
Law Offices of John M. Hyams
2023 N 2nd St
Harrisburg, PA 17102-2151

Kara Katherine Gendron
Mott & Gendron Law
(Trustee)
125 State St
Harrisburg, PA 17101-1025

Teressa L. DeRoos
401 Garden Dr
Mechanicsburg, PA 17055-4411

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Belco Community Credit Union
Attn: Bankruptcy Dept.
449 Eisenhower Blvd
Ste 200
Harrisburg, PA 17111-2301

Bureau of Employer Tax Operations
PO Box 68568
Harrisburg, PA 17106

Jefferson Capital Systems, LLC
Attn: Bankruptcy
16 McLeland Rd
Saint Cloud, MN 56303-2198

Jpmcb Card
PO Box 15369
Wilmington, DE 19850-5369

M & T Bank
Attn: Bankruptcy
PO Box 844
Buffalo, NY 14240-0844

(d)M&T BANK
P.O. Box 840
Buffalo, NY 14240-0840

Office of Attorney General
Financial Enforcement
16th Floor, Strawberry Square
Harrisburg, PA 17120

Premier Capital Funding, LLC
9265 4th Avenue, 2nd FL
Brooklyn NY 11209

Sunnova Energy Corporation
20 Greenway Plaza, Suite 540
Houston, TX 77046

U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)M&T BANK

(d)Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(d)David W Park
Martson Law Offices
10 East High Street
Carlisle, PA 17013-3093

End of Label Matrix
Mailable recipients    42
Bypassed recipients     3
Total                  45